**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION**

| | | |
|---|---|---|
| SHANA DEFILLIPIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. |
| DELL FINANCIAL SERVICES | ) | |
| P.O. BOX 81577 | ) | |
| Austin, TX  78708-1577 | ) | |
| and | ) | |
| JOHN DOES 1-10 | ) | |
| and | ) | |
| CORPORATIONS X, Y, Z | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 9 U.S.C. § 205, 28 U.S.C.

§§ 1331, 1332, 1367, 1441, and 1446, Defendant Dell Financial Services ("DFS")

by its attorneys hereby removes the above-captioned matter from the Court of

Common Pleas, Lackawanna County, Pennsylvania to the United States District

Court for the Middle District of Pennsylvania, Scranton Division.  In support of

this removal, DFS states as follows:

**A.     Introduction**

1.     This case is hereby removed from state court to federal court because

this Court has original jurisdiction in that (1) the subject matter of this civil action

1

relates to an arbitration agreement (9 U.S.C. §§ 203 and 205); (2) alternatively, at the time the Complaint for Damages ("Complaint") was filed and at this time, complete diversity of citizenship exists between the parties to this action and the matter in controversy (a) exceeds the sum or value of $75,000, exclusive of interest and costs, for the putative class representative's individual claims (28 U.S.C. § 1332(a)) or (b) exceeds the sum or value of $5,000,000, exclusive of interest and costs, when the claims of the proposed individual class members are aggregated (28 U.S.C. § 1332(d)(2) and (6)); and (3) alternatively, this civil action is removable because it arises under the laws of the United States.

2.      On or about December 9, 2013, Plaintiff filed the Complaint in the Court of Common Pleas, Lackawanna County, Pennsylvania, docketed under number 13 CV 6679.  A copy of the Complaint was received by DFS on or about January 2, 2014.  As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit 1 is a true and correct copy of the Complaint received by DFS.  No other process, pleadings, or orders have been served on DFS in this case.  Further, DFS is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

3.      This Court is the United States District Court for the district and division in which the state court action was pending, which makes this Court the

appropriate place for filing this Notice of Removal pursuant to 28 U.S.C. §

1446(a).

**B.     This Notice of Removal is Timely**

4.     This notice of removal is being filed within 30 days of January 2,

2014, the date on which DFS received, through service or otherwise, a copy of the

initial pleading setting forth the claim for relief upon which such action or

proceeding is based and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

**C.     The Removed Action**

5.     The Plaintiff alleges that DFS in attempting to collect a debt from her

placed calls to her cellular telephone number in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227 *et seq*., Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq*., Fair Credit Extension Uniformity Act, 73 P.S. §

2270.4, and common law.

6.     The Complaint alleges a state-wide class of victims and purports to

bring this action on behalf of "Class members number[ing] in the hundreds of

thousands, if not more."  (Ex. 1 Compl. ¶¶ 3, 34.)  The Complaint seeks actual

damages, compensatory damages, statutory damages, treble damages, and

"significant punitive damages" on behalf of the putative class representative and

each putative class member and attorney fees at the rate of $500 per hour.  (*See,*

*e.g., id.* at Count V Prayer for Relief and ¶¶ 84, 90.)

**D.     This Civil Action is Removable Pursuant to 9 U.S.C. § 205**

7.     The subject matter of this civil action relates to an arbitration

agreement.  Accordingly, this civil action may be removed to this Court by DFS

pursuant to 9 U.S.C. § 205, which provides in pertinent part:

> Where the subject matter of an action or proceeding pending in a State
> court relates to an arbitration agreement . . ., the defendant . . .  may,
> at any time before the trial thereof, remove such action or proceeding
> to the district court of the United States for the district and division
> embracing the place where the action or proceeding is pending. . . .
> the ground for removal provided in this section need not appear on the
> face of the complaint but may be shown in the petition for removal.

8.     On August 21, 2009, Plaintiff opened a Dell Preferred Account.

(Declaration of Stephen J. Sippel ("Decl.") ¶¶ 7-8 attached as Ex. 2.)  When

Plaintiff opened the account, she expressly consented to the arbitration provision in

the Dell Preferred Account Credit Agreement ("Agreement"). (Decl. ¶¶ 7-14.)  The

arbitration provision states in part:

> **Arbitration.** Except as expressly provided herein, any claim, dispute
> or controversy (whether based upon contract; tort, intentional or
> otherwise; constitution; statute; common law; or equity and whether
> pre-existing, present or future), including initial claims, counter-
> claims, cross-claims and third-party claims, arising from or relating to
> this Agreement or the relationships which result from this Agreement,
> including the validity or enforceability of this arbitration clause, any
> part thereof or the entire Agreement ("Claim") shall be decided, upon
> the election of you or us, by binding arbitration pursuant to this
> arbitration provision and the applicable rules and procedures of the
> arbitration administrator, including any applicable procedures for
> consumer-related disputes, in effect at the time the Claim is filed.

(Decl. Ex. A Agreement at 5.)

4

9.     The Agreement is an arbitration agreement.  Pursuant to 9 U.S.C. § 2, an arbitration agreement is defined as "a written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof."  The Agreement is a written contract evidencing a transaction involving commerce as it concerns purchases charged to the Dell Preferred Account and payment for such purchases by Plaintiff, who is located in Pennsylvania, and the servicing of the credit account by DFS, which is located in Texas.  And, the Agreement requires DFS and Plaintiff to settle by binding arbitration any controversy thereafter arising out of the Agreement including, but not limited to, the collection of any amounts owed by Plaintiff, the refusal to perform any part of the Agreement, and the validity and enforceability of the arbitration provision.  Here, the civil action arises out of the Agreement pursuant to Plaintiff's allegations that DFS was attempting to collect a debt.

10.     The subject matter of Plaintiff's civil action undoubtedly relates to the arbitration agreement, here the Agreement, in that the Complaint alleges that telephone calls placed for the purpose of collecting a debt incurred pursuant to the Agreement violate statutes such as the Telephone Consumer Protection Act. Further, the civil action arises from or relates to relationships resulting from the Agreement.

**E.     This Civil Action is Removable Based on Diversity Jurisdiction**

11.     This Court has original jurisdiction over this civil action because at the time the Complaint was filed and at this time, complete diversity of citizenship exists between the parties to this action and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, for the putative class representative's individual claims (28 U.S.C. § 1332(a)) or exceeds the sum or value of $5,000,000, exclusive of interest and costs, when the claims of the proposed individual class members are aggregated (28 U.S.C. § 1332(d)(2) and (6)).

## The parties' citizenship

12.     The Complaint alleges that "Plaintiff is, and at all times mentioned herein was, a citizen and resident of the Commonwealth of Pennsylvania."  (Ex. 1 Compl. ¶ 5.)  The Complaint further alleges that any purported class members are citizens of Pennsylvania.  (*Id.* at ¶ 33.)

13.     The Complaint alleges that DFS is a citizen of Texas.  (*Id.* at ¶ 6.) DFS is not a citizen of Pennsylvania, and there are no allegations that DFS is a citizen of Pennsylvania.

14.     Any potential "Doe" defendants shall be disregarded for purposes of removal.  28 U.S.C. § 1441(b).  Further, DFS is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

15.     Hence, there is complete diversity of citizenship.

**The putative class representative's alleged damages exceed $75,000**

16.     The amount in controversy as to the putative class representative exceeds the sum or value of $75,000, exclusive of interest and costs.  For each of the seven counts, the Complaint seeks on behalf of the putative class representative various damages and attorney fees.

a.      Count I seeks for the putative class representative, at a minimum, $18,000;

b.      Count II seeks for the putative class representative, at a minimum, $27,000;

c.      Count III seeks for the putative class representative, at a minimum, $27,000;

d.      Count IV seeks for the putative class representative, at a minimum, $27,000;

e.      Count V seeks for the putative class representative, at a minimum, $28,000;

f.      Count VI seeks for the putative class representative, at a minimum, $17,500; and

g.      Count VII seeks for the putative class representative, at a minimum, $47,000.

This clearly totals more than $75,000.

17.     Additionally, it is reasonable for attorney fees at the alleged rate of $500 per hour on their own to exceed $75,000.

18.     Plaintiff's allegation in Counts III and IV that while she "cannot reasonably estimate the ***pain and suffering*** caused by Defendant's conduct, Plaintiff respectfully avers that the value is most likely within arbitration limits set by both local and Pennsylvania Civil Procedural Rules," (Ex. 1 Compl. ¶¶ 59, 66 (emphasis added)), cannot defeat the fact that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs.  The allegation that the value is most likely within the arbitration limits relates only to "pain and suffering" as to those two counts.  This allegation involves neither the other damages sought by those two counts nor the damages sought in the other five counts.  Moreover, the allegation that the "value is most likely within arbitration limits set by both local and Pennsylvania Civil Procedural Rules" is equivocal, uncertain, and belied by the allegation that "Plaintiff cannot reasonably estimate the pain and suffering caused by Defendant's conduct."  (*Id.*)

19.     The amount in controversy as to the putative class representative's claims exceeds the required $75,000 for removal when diversity exists between the parties.

**The putative class members' alleged damages exceed $5,000,000 in the aggregate**

20.     This Court also has original jurisdiction because the amount in controversy as to the claims of the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C.  § 1332(d)(6).  Count VI of the Complaint alone seeks damages of more than $50,000,000.  Count VI  seeks, *inter alia*, "for Plaintiff and each class member $500.00 in statutory damages for each and every violation [of the TCPA], pursuant to 47 U.S.C. § 227(b)(3)(B)."  (Ex. 1 Compl. at Prayer for Relief for Count VI.)  The Complaint alleges that the "Class members number in the ***hundreds of thousands, if not more***."  (Ex. 1 Compl. ¶ 34 (emphasis added)).  Hence, Count VI alone alleges at least $50,000,000 in damages, calculated as $500 times at least 100,000 (100,000 is conservatively derived from at least one violation for each putative class member in a class numbering in the "hundreds of thousands, if not more").  Further, the Complaint does not explicitly or implicitly limit the damages to less than $5,000,000.

21.     In sum, the amount in controversy as to the putative class members' claims exceeds the required $5,000,000 for removal when diversity exists between the parties.

**F.      This Civil Action Arises Under the Laws of the United States**

22.      If DFS's motion to dismiss or stay proceedings and compel arbitration is denied, this Court has original jurisdiction over this civil action as it arises under the laws of the United States.  28 U.S.C. § 1331.

23.      This action arises out of DFS's alleged violations of laws of the United States in that DFS allegedly engaged in acts in the collection of debts that are prohibited by federal statutes, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.  The other claims in the Complaint are so related to these claims that they form part of the same case or controversy under Article III of the Constitution.  28 U.S.C. § 1367(a).  By way of example, Count III alleges that "Defendant deliberately flouted and violated ***Federal law***" and "Defendant's actions were either intentional, since as a 'bill Defendant', both have (sic) at least prescriptive knowledge of ***governing Federal statutes***."  (Ex. 1 Compl. ¶¶ 56 – 57 (emphasis added).)

**G.      Other Procedural Requirements**

24.      As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

25.    Pursuant to 28 U.S.C. § 1446(d), DFS will promptly provide a copy of this Notice of Removal to Plaintiff's counsel, Joseph T. Sucec, and file a copy with the clerk of the Court of Common Pleas, Lackawanna County, Pennsylvania.

WHEREFORE, Defendant respectfully requests that this civil action, entitled *Shana Defillipis v. Dell Financial Services*, case number 13 CV 6679, currently pending in the Court of Common Pleas, Lackawanna County, Pennsylvania, be removed to the United States District Court for the Middle District of Pennsylvania, Scranton Division.

Dated: January 22, 2014                  Respectfully submitted,
                                         Dell Financial Services LLC


                                         By: s/ Timothy E. Foley
                                              One of its Attorneys

                         Timothy E. Foley (timefoley@comcast.net)
                         PA19105
                         Foley, Comerford & Cummins
                         507 Linden Street, Suite 700
                         Scranton, PA 18503
                         570-346-0745
                         Facsimile: 570-346-0776

                         **Petition for *Pro Hac Vice* Admission Pursuant
                         to LR 83.8.2.1 Pending**
                         Kimball R. Anderson (kanderson@winston.com)
                         IL0049980
                         Doressia L. Hutton (dhutton@winston.com)
                         IL6275168
                         Winston & Strawn LLP
                         35 W. Wacker Drive
                         Chicago, IL 60601

312-558-5600
Facsimile: 312-558-5700