# EXHIBIT 1

**EXHIBIT 1**

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

LACKAWANNA _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: **13CV6679** |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

---

**S E C T I O N   A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| SHANA DEFILLIPS | DELL FINANCIAL SERVICES ET AL |

**Are money damages requested?** [x] Yes [ ] No

Dollar Amount Requested: (check one)
- [x] within arbitration limits
- [ ] outside arbitration limits

**Is this a *Class Action Suit*?** [x] Yes [ ] No      **Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: JOSEPH T. SUCEC

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

---

**S E C T I O N   B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [x] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

Joseph T. Sucec, Esq.
Attorney for Plaintiff
325 Peach Glen-Idaville Road
Gardners, PA 17324
717-315-2359
joesucec@comcast.net
PA74482

## IN THE COURT OF COMMON PLEAS
## LACKAWANNA COUNTY, PENNSYLVANIA

SHANA DEFILLIPIS          :
    plaintiff,            :       No.
    v                     :
Dell Financial Services     :
PO Box 81577               :
Austin, TX 78708-1577       :
and                        :
JOHN DOES 1-10             :
and                        :
CORPORATIONS X,Y,Z.        :
    defendants            :       CIVIL ACTION - LAW
                          :       CLASS ACTION
                          :       JURY TRIAL DEMANDED

### NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.   YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lackawanna Pro Bono, Inc.
321 Spruce St
Scranton, PA 18503
570-961-2714
Fax: (570) 342-4301

North Penn Legal Services
Suite 300, 507 Linden Street
Scranton,PA 18503
Phone: (570) 342-0184 (800) 982-4387

Joseph T. Sucec, Esq.
Attorney for Plaintiff
325 Peach Glen-Idaville Road
Gardners, PA 17324
717-315-2359
joesucec@comcast.net
PA74482

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| SHANA DEFILLIPIS | : | |
| plaintiff, | : | No. |
| v | : | |
| Dell Financial Services | : | |
| PO Box 81577 | : | |
| Austin, TX 78708-1577 | : | |
| and | : | |
| JOHN DOES 1-10 | : | |
| and | : | |
| CORPORATIONS X,Y,Z. | : | |
| defendants | : | CIVIL ACTION - LAW |
| | : | CLASS ACTION |
| | : | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES
## INTRODUCTION

1 Shana Defillipis ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the liability of Defendant Dell Financial Services ("Dell") in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Fair Credit Extension Uniformity Act ., 73 P.S. § 2270.4 ("FCEUA"), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and causes of action in tort for invasion of privacy, harassment, and Intentional Infliction of Emotional Distress. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and

Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 42 Pa. Code 931, which grants plenary jurisdiction to the Court of Common Pleas, both because claims are brought under the common law and statutes of the Commonwealth of Pennsylvania, and also through the same 42 Pa. Code 931, which grants plenary jurisdiction to the Court of Common Pleas, and based on **Yellow Freight Systems, Inc. v. Donnelly, 494 US 820, 822 (1990)**, allowing federal claims to be brought in state court where federal court jurisdiction has not been made exclusive.

3. Because Plaintiff avers and alleges a state-wide class of victims of violations of the three statutes, one Pennsylvania and two United States, by Defendants, and avers that said class meets the criteria for class actions related in 231 Pa. Code 1700 et seq, (explained in detail in ensuing paragraphs), jurisdiction is also asserted for the Court of Common Pleas.

4 Further, Venue is proper in the Court of Common Pleas of this county as Plaintiff was at all times relevant, and still is, a resident of Lackawanna County, Pennsylvania.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the Commonwealth of Pennsylvania and, for the purposes of the statute purported to be violated here, a "person" as defined by 1 Pa.C.S. § 1991 (referring to construction of Pennsylvania statutes)

6 Defendants are the following:

a      Dell Financial Services , PO Box 81577, Austin, TX 78708-1577, a corporate
entity that, among other enterprises, is involved in extending credit to the public and/or
collection activity via telephone calls, and is similarly defined as a "person"

b. John Does 1-10, individuals or business entities whose identities are not know to
Plaintiff at this time, but which will become known upon proper discovery.  It is
believed and averred that such Does played a substantial role in the commission of the
acts (regarding all counts) described in this complaint.

c. X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at
this time, but which will become known upon proper discovery.  It is believed and
averred that such entities played a substantial role in the commission of the acts
(regarding all counts) described in this complaint.

## FACTUAL ALLEGATIONS

7.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 1 Pa.C.S.
1991

8. Defendants are, and at all times mentioned herein were, corporations and  "persons"
as defined by 1 Pa.C.S. 1991

9.  As indicated by the frequency of calls made to Plaintiff, Defendants do extensive
business in the Commonwealth.

10. Plaintiff received numerous automated calls on Plaintiff's mobile telephone, from

May, 2013 to present.

11. Plaintiff has received numerous calls from Defendant (at times numbering in the dozens per day). Plaintiff has all call logs reflecting such harassing calls to Plaintiff's cell phone. Said calls, via voice mail, upon reasonable investigation and research, are traceable to Defendant.

12. The nature and circumstances of the call from Defendant indicate that said call came from and was generated from an "automatic telephone dialing system," designed to, as delineated in 73 PS 2270.4 (b)(4)(v) "(cause) a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number ."

13. At no point did Plaintiff ever give permission, implied or express, to Defendant, to contact Plaintiff's mobile telephone via an automatic telephone dialing system.

14. Without such permission from Plaintiff, Defendant's actions are directly violative of 73 PS 2270.4 (b)(4)(v).

15. The telephone number that Defendant, or its agents, called was assigned to Plaintiff via Plaintiff's mobile carrier.

16. This unsolicited voice mail message placed to Plaintiff's cellular telephone was to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

17 Plaintiff has therefore, as a result of Defendant's violation of the named statute, suffered actual damages which may approach if not exceed the amount sought to be collected by Defendantt.

18. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

19. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

20 Defendant(s) knew or should have known that its actions violated the FCEUA, which covers the behavior of creditors as well as incorporates the protections of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) regarding Third-Party collection agents.

21 Defendant knew or should have known that its actions violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) regarding Third-Party collection agents.

22 Defendant knew or should have known that its actions violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), which covers the behavior of creditors or anyone attempting to call a consumer for business pruposes.

23. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the FCEUA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their

employment, and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for Pennsylvania law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## VICARIOUS LIABILITY

27. By evidence of the aforementioned telephone calls made to Plaintiff, there is an implicit if not express contract between Defendant and its agents, in which said agents were tasked with calling alleged debtors in order to collect money allegedly owed Defendant.

28. Said contract creates a master-servant relationship between Defendant and its agents, rendering Defendant vicariously liable for any actions taken by its agents in the scope of said relationship, **Valles v. Albert Einstein Medical Center, 805 A.2d 1232, 1237 (Pa. 2002). Also see Smalich v. Westfall, 269 A.2d 476, 481**

29 Therefore, Defendant is responsible for any actions by its agents, either tortious or violative of the relevant statute in this matter.

## ARBITRATION

30 Plaintiff submits that any alleged or perceived submission to binding arbitration was:

A      Never expressly agreed to at any time by Plaintiff.

B      Either proposed by Defendant through impermissible boilerplate language which was nearly illegible and/or indecipherable by an individual not legally trained, or submitted later in a deceptive manner as a proposed contract modification which was nearly illegible and/or indecipherable by an individual not legally trained.

C      If somehow operative to Plaintiff's credit agreement, **only** operative to same, and not to be extended to any other agreement in which Plaintiff was a third party and had no privity with Defendant Creditor.

D      Never gave express constant for Defendant, or anyone acting on behalf of Defendant, to call an unlimited number of times, at all times of the day or night, and/or use deceptive tactics to both engage and extract payment from Plaintiff for the debts alleged.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of Plaintiff and on behalf of and all others similarly situated ("the Class").

32. The elements for a class action in Pennsylvania are contained within 231 Pa. Code 1702:

**Rule 1702. Prerequisites to a Class Action.**

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

33. Plaintiff represents, and is a member of the Class, consisting of all persons within the Commonwealth who received any unsolicited voice mail messages from Defendant on behalf of Defendant, or from Defendant itself, which were not made for emergency purposes or with the recipient's prior express consent.

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35. Plaintiff and members of the Class were harmed by the acts of Defendant on behalf of Creditor in that Defendant illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited and/or confirmatory text message, thereby least the following ways: Defendant , either directly or through its agents, causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or the records of its agents.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant, or Defendant through its agents, transmitted any voice mail messages (other than a voice mail message for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b) the extent of damages for such violation; and

c) Whether Plaintiff and the Class members were damaged thereby, and

d) Whether Defendants should be enjoined from engaging in such conduct in the future.

39. As a person that received at least one voice mail message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40. Plaintiff will fairly and adequately represent and protect the Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.

41. If the Class is not certified for this action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Absent a class Plaintiff has retained counsel experienced in handling class action claims.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Commonwealth law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant, either by itself or thorugh its agents, have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I -

## NEGLIGENT VIOLATIONS OF

## THE FAIR CREDIT EXTENSION UNIFORMITY ACT

45.  Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant are not limited to each and every one of the above-cited provisions of 73 P.S. 2270.4.

47. As a result of Defendants negligent violations, vicarious and personal,  of 73 P.S. 2270.4, Plaintiff and The Class are entitled to any actual damages, including but not limited to, charges rendered on Plaintiff's cellular telephone bill as a result of the aforementioned behavior on the part of Defendant.

48. Punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious or so careless as to indicate wanton disregard for the rights of the parties injured. **Restatement (Second) of Torts § 908 (1979);  also see Moran v. G. & W.H. Corson, Inc., 402 Pa. Super. 101, 586 A.2d 416 (1991).**

49. Plaintiff submits that the "wanton disregard" of Plaintiff's rights is present, and therefore requests significant punitive damages to curtail the aforementioned behavior on the part of Defendant.

50. Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting

such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against the Defendants:

## NEGLIGENT VIOLATION OF
## 73 P.S. § 2270.4

a. As a result of Defendants' negligent violations of **73 P.S. § 2270.4**, Plaintiff seeks for Plaintiff and each Class member any actual damages sustained as a result of Defendants' behavior violative of the statute. Plaintiff estimates this total, including but not limited to, any physical ailments developed by Plaintiff as a result of the stress of the aforementioned telephone calls, any loss of mental or psychological functioning as a result of said calls, Loss of appetite, Crying, Nightmares; insomnia, night sweats, Headaches, Anxiety, nervousness; fear and worry, Stress to child, Irritability, Embarrassment, humiliation,, lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

    1. Client consultation and review of file.        2.5

    2. Drafting of complaint, editing, review with client document processing and filing        1.5

3. Service of process of writ and complaint      .25

_____

4 hours

For a total of $2,000 dollars.

e. Pursuant to **73 P.S. § 2270.4**, injunctive relief prohibiting such actions by Defendant in the future.

f. Any other relief the Court may deem just and proper.

## COUNT II
## INVASION OF PRIVACY

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52 Defendant, by repeatedly contacting Plaintiff during business hours on her cellular telephone line invaded Plaintiff's privacy.

53. The conduct of Defendant was a direct and proximate cause, as well as substantial factors, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully below and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. Actual damages for said invasion of privacy including but not limited to, any physical ailments developed by Plaintiff as a result of the stress of the aforementioned telephone calls, any loss of mental or psychological functioning as a result of said calls, Loss of appetite, Crying, Nightmares; insomnia, night sweats, Headaches, Anxiety, nervousness; fear and worry, Stress to child, Irritability, Embarrassment, humiliation,, additional charges on Plaintiff's cellular telephone bill, any lost wages or business opportunities which occurred as a result of the harassment by Defendant, any physical ailments and/or injuries which may have resulted as a direct or indirect cause of said harassment, as well as any other costs or injuries that would not have occurred but for said' harassment. Plaintiff estimates this total, including but not limited to lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $10,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

| | |
|---|---|
| 1. Client consultation and review of file. | 2.5 |
| 2.. Drafting of complaint, editing, review with client document processing and filing | 1.5 |
| 3. Service of process of writ and complaint | .25 |
| | 4 hours |

For a total of $2,000 dollars.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. To prove a claim of Intentional Infliction of Emotional Distress, the following elements must be established:

(1) the conduct must be extreme and outrageous;

(2) it must be intentional or reckless;

(3) it must cause emotional distress;

(4) that distress must be severe.
Hooten v. Penna. College of Optometry, 601 F.Supp. 1151, 1155 (E.D.Pa.1984); Restatement (Second) of Torts s. 46.

56 Defendant deliberately flouted and violated Federal law for the reasons stated in paragraph 7 of this Complaint, an action both "extreme" and "outrageous".

57. Defendant's actions were either intentional, since, as a "bill Defendant", both have at least prescriptive knowledge of governing Federal statutes, or reckless, in that both chose to ignore said statutes, as well as failed to verify the identity of Plaintiff.

58. The conduct of Defendant caused severe emotional distress to Plaintiff.

59. While Plaintiff cannot reasonably estimate the pain and suffering caused by Defendant's conduct, Plaintiff respectfully avers that the value is most likely within arbitration limits set by both local and Pennsylvania Civil Procedural Rules.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. Actual damages for said Intentional Infliction of Emotional Distress including but not limited to, any physical ailments developed by Plaintiff as a result of the stress of the aforementioned telephone calls, any loss of mental or psychological functioning as a result of said calls, Loss of appetite, Crying, Nightmares; insomnia, night sweats, Headaches, Anxiety, nervousness; fear and worry, Stress to child, Irritability, Embarrassment, humiliation,, additional charges on her cellular telephone bill, any lost wages or business opportunities which occurred as a result of Defendant's harassment, any physical ailments and/or injuries which may have resulted as a direct or indirect cause of said harassment, as well as any other costs or injuries that would not have occurred but for said harassment. Plaintiff estimates this total, including but not limited to lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $10,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

    1. Client consultation and review of file.        2.5

    2.. Drafting of complaint, editing, review with client document processing and filing        1.5

3. Service of process of writ and complaint      .25

                                                    4 hours

For a total of $2,000 dollars.

## COUNT IV
## HARASSMENT

60 Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61 Criminal Harassment in the Commonwealth of Pennsylvania is defined by **18 Pa.C.S.A. § 2709(3)** and explained by **Commonwealth v Wheaton, 409 Pa. Super. 622, 598 A. 2d 1017 (1991)** as having the following elements:

An individual is guilty of harassment if he/she:

     1) with the intent to harass, annoy or alarm another person,

     2) engaged in a course of conduct or repeatedly committed acts,

     3) which alarmed or seriously annoyed another person, and

     4) served no legitimate purpose.

62 There is no case in Commonwealth law which defines the elements necessary to prove Civil Harassment differently.

63 The facts of this case, as conveyed in paragraphs 7-24 of this Complaint, clearly fulfill the first three elements of harassment.

64 The sheer volume of calls made by Defendant or its agents far exceed the legitimate pursuit of the stated purpose of said calls, to collect a debt.

65 The conduct of Defendant or its agents caused severe emotional distress to Plaintiff.

66 While Plaintiff cannot reasonably estimate the pain and suffering caused by Defendant(s)' conduct, Plaintiff respectfully avers that the value is most likely within arbitration limits set by both local and Pennsylvania Civil Procedural Rules.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. Actual damages for said harassment including but not limited to, any physical ailments developed by Plaintiff as a result of the stress of the aforementioned telephone calls, any loss of mental or psychological functioning as a result of said calls, Loss of appetite, Crying, Nightmares; insomnia, night sweats, Headaches, Anxiety, nervousness; fear and worry, Stress to child, Irritability, Embarrassment, humiliation,, additional charges on her cellular telephone bill, any lost wages or business opportunities which occurred as a result of Defendant's harassment, any physical ailments and/or injuries which may have resulted as a direct or indirect cause of said harassment, as well as any other costs or injuries that would not have occurred but for said harassment. Plaintiff estimates this total, including but not limited to lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $10,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

| | |
|---|---|
| 1. Client consultation and review of file. | 2.5 |
| 2.. Drafting of complaint, editing, review with client document processing and filing | 1.5 |
| 3. Service of process of writ and complaint | .25 |
| | 4 hours |

For a total of $2,000 dollars.


## COUNT V

### Violation of Fair Debt Collection Practices Act
### 15 USC 1692 et. seq.


67. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

68. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

69. At all relevant times in this Complaint, Defendant(s) was/were acting as a debt Defendant(s) as defined by the FDCPA, 15 USC 1692 et. seq.

70. At all times mentioned herein, Defendant(s) was/were attempting to collect on an alleged consumer debt against Plaintiff.

71.Within the applicable statute of limitations prior to the commencement of this action,

Defendant(s) contacted Plaintiff, at Plaintiff's telephone number, by telephone and certain voicemail messages that either fail to identify the Defendant organization making the call, or identify same, but fail to identify the purpose for making the call.

72. To prohibit harassment and abuses by debt Defendants the FDCPA, at 15 U.S.C. § 1692d, provides that a debt Defendant may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the per se violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

73  To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section are: the failure by debt Defendants to disclose in initial oral communications that the debt Defendant is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt Defendants to in subsequent oral communications with consumers that the communication is from a debt Defendant, 15 U.S.C. § 1692e(11).

74  The above referenced voicemail message(s) was/were a communication as defined by 15 USC 1692(a)(2).  See **Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.  See GRYZBOWSKI**

v. I.C. SYSTEM, INC 3:08-CV-1884, UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

75. Every telephone message left by a debt Defendant must give meaningful disclosure
of the debt Defendant's identity, as well as state that the purpose of the call is to collect a
debt. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006);
INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the
Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v.
NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the
Eleventh Circuit, Docket Number 08-17006. See GRYZBOWSKI v. I.C. SYSTEM,
INC 3:08-CV-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA (2010).

76. The above referenced messages violated the FDCPA for reasons including but not
limited to the following:

a. The telephone call was placed without disclosure that the call was from a debt
Defendant.

b. The telephone call was placed without meaningful disclosure that nature and purpose
of the call was to collect a debt.

c. The telephone calls failed to disclose the identity of Defendant.

## LIABILITY

77. All previous paragraphs of this complaint are incorporated by reference and made a
part of this complaint.

78. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

79. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

80. Any mistake made by Defendant would have included a mistake of law.

81. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a Actual damages for violation of the statute including but not limited to, any physical ailments developed by Plaintiff as a result of the stress of the aforementioned telephone calls, any loss of mental or psychological functioning as a result of said calls, Loss of appetite, Crying, Nightmares; insomnia, night sweats, Headaches, Anxiety, nervousness; fear and worry, Stress to child, Irritability, Embarrassment, humiliation,, additional charges on her cellular telephone bill, any lost wages or business opportunities which occurred as a result of Defendant's statutory violations, any physical ailments and/or injuries which may have resulted as a direct or indirect cause of said violations, as well as any other costs or injuries that would not have occurred but for said violations.Plaintiff estimates this total, including but not limited to lost time in dealing

with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $10,000

b Statutory damages of $1,000

c. An incentive fee of $5,000.

d. Punitive damages of $10,000.

e. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

| | |
|---|---|
| 1. Client consultation and review of file. | 2.5 |
| 2.. Drafting of complaint, editing, review with client document processing and filing | 1.5 |
| 3. Service of process of writ and complaint | .25 |
| | 4 hours |

For a total of $2,000 dollars.


## COUNT VI

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.


82. Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

83. The foregoing acts and omissions of Defendant(s) constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

84. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

85. Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

## NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

a. As a result of Defendants' negligent violations of **47 U.S.C. § 227, et seq**, Plaintiff seeks for Plaintiff and each Class member any actual damages sustained as a result of Defendants' behavior violative of the statute. Plaintiff estimates this total, including but not limited to any physical ailments developed by Plaintiff as a result of the stress of the aforementioned telephone calls, any loss of mental or psychological functioning as a result of said calls, Loss of appetite, Crying, Nightmares; insomnia, night sweats, Headaches, Anxiety, nervousness; fear and worry, Stress to child,  Irritability, Embarrassment, humiliation,, lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $10,000

b. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for Plaintiff and each Class member $500.00 in statutory damages, for each and

every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). conduct in the future.

c. An incentive fee of $5,000

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

    1. Client consultation and review of file.        2.5

    2.. Drafting of complaint, editing, review with client document processing and filing        1.5

    3. Service of process of writ and complaint        .25

                                     ————————

                                     4 hours

## COUNT VII -
## NEGLIGENT VIOLATIONS OF
### 73 P.S. § 201-1, et seq

86. Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

87. The foregoing acts and omissions of Defendant on behalf of Creditor, and of Creditor, are not limited to each and every one of the above-cited provisions of **73 P.S. § 201-1, et seq, regarding deceptive or misleading practices**

88. As a result of Creditor's negligent violations, vicarious and personal, of **73 P.S. § 201-1, et seq,** Plaintiff and The Class are entitled to any actual damages, including but not limited to, charges rendered on Plaintiff's cellular telephone bill as a result of the aforementioned behavior on the part of Creditor.

89. Punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious or so careless as to indicate wanton disregard for the rights of the parties injured. **Restatement (Second) of Torts § 908 (1979); also see <u>Moran v. G. & W.H. Corson, Inc.,</u> 402 Pa. Super. 101, 586 A.2d 416 (1991).**

90. Plaintiff submits that the "wanton disregard" of Plaintiff's rights is present, and therefore requests significant punitive damages to curtail the aforementioned behavior on the part of Defendant.

91. Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against the Defendants:

### NEGLIGENT VIOLATION OF
### 73 P.S. § 201-1, et seq

a. As a result of Defendants' negligent violations of **73 P.S. § 201-1, et seq**, Plaintiff seeks for Plaintiff and each Class member any actual damages sustained as a result of Defendants' behavior violative of the statute. Plaintiff estimates this total, including but not limited to any physical ailments developed by Plaintiff as a result of the stress of the aforementioned telephone calls, any loss of mental or psychological functioning as a result of said calls, Loss of appetite, Crying, Nightmares; insomnia, night sweats, Headaches, Anxiety, nervousness; fear and worry, Stress to child, Irritability, Embarrassment, humiliation,, lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $10,000. Because said statute authorizes treble damages based on willful behavior on the part of both named and unnamed Defendant's, Plaintiff demands $30,000.

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

    1. Client consultation and review of file.            2.5

    2. Drafting of complaint, editing, review with client document processing and filing            1.5

    3. Service of process of writ and complaint        .25

                                              4 hours

For a total of $2,000 dollars.

E  Pursuant to **73 P.S. § 2270.4**, injunctive relief prohibiting such actions by Defendant in the future.

F. Any other relief the Court may deem just and proper.

Respectfully submitted,

Date: /2-4-/3

Joseph T. Sucec, Esq.

## VERIFICATION STATEMENT

I verify that the statements made in the complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date:

(cout)

I verify that the statements made in the complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 12/9/2013



C. CHACON
RRI
P.O. Box 815199
Austin TX 78708

Services

RECEIVE
JAN 03 2014

Naomi

7012 0470 0001 8987 6297

CERTIFIED MAIL

UNITED STATES
POSTAL SERVICE

1000

78708

U.S. POSTAGE
JESSUP, PA
18434
DEC 18 '13
AMOUNT
$5.22
0008453f-09